NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                        :
MERCHANTS INSURANCE CO.                 :
OF NEW HAMPSHIRE,                       :
                                        :
    Plaintiff,                          :
                                        :   Civil No. 06-1602 (AET)
    v.                                  :
                                        :   **MEMORANDUM & ORDER**
3 R PAINTING & CONTRACTING CO.          :
INC.; SMITH GATTA GELOK INC.;           :
3 R PAINTING INC. (A Fictitious Corp.); :
HESSERT CONSTRUCTION NEW                :
JERSEY, LLC; DAVID R. JOHNSTON          :
and NOEMY JOHNSTON,                     :
                                        :
    Defendants.                         :
_____:

THOMPSON, U.S.D.J.

    This matter comes before the Court on Defendant Smith Gatta Gelok Inc.'s ("SGG") Motion to Dismiss Plaintiff Merchants Insurance Co. of New Hampshire's ("Merchants") Complaint for failure to comply with the Affidavit of Merit Statute, N.J. Stat. Ann. § 2A:53A-27, et seq. The Court has decided this Motion after reviewing the submissions of the parties and without oral argument, pursuant to Fed. R. Civ. P. 78. For the following reasons, SGG's Motion to Dismiss is denied.

BACKGROUND

    SGG is a New Jersey insurance agency with its principal place of business in New Jersey. (Compl. ¶ 7.) SGG entered into an Agency Agreement ("the Agreement") with Merchants, a New

Hampshire insurance company with its principal place of business in New York. (Compl. ¶¶ 4, 31.) Under the Agreement, SGG was to act as Merchants's non-exclusive agent in the solicitation and sale of insurance. (Compl. ¶ 31.) Pursuant to the Agreement, SGG did not have the authority to declare or incur any liability on behalf of Merchants other than as authorized by the Agreement, and SGG was required to submit all necessary information to Merchants with respect to insurance applications that SGG procured. (Compl. ¶¶ 34, 35.)

On March 19, 2004, SGG submitted to Merchants an insurance application ("the Application") for 3 R Painting, Inc. ("3 R Painting"). (Compl. ¶ 41.) Merchants issued an initial policy to 3 R Painting for the period of March 2004 through March 2005, and a renewal policy through March 2006. (Compl. ¶¶ 13, 14.)

During the period of the renewal policy, 3 R Painting & Contracting Co., Inc. ("3 R Painting & Contracting"), rather than 3 R Painting, submitted to Merchants two separate insurance claims under the policy issued to 3 R Painting. On July 18, 2004, David Johnston, an employee of 3 R Painting & Contracting, was painting a ceiling at a height of approximately twenty-five feet when his lift toppled and he was severely and permanently injured. (Compl. ¶ 19.) Johnston thereafter sued the site's general contractor seeking damages for his injuries. Because 3 R Painting & Contracting had agreed in its subcontract with the general contractor to indemnify the general contractor against such claims, 3 R Painting & Contracting submitted an insurance claim to Merchants through SGG. (Compl. ¶¶ 22-25.) Next, on September 27, 2005, a 3 R Painting & Contracting employee was working inside Genuardi's market when he dropped a piece of equipment onto a glass deli case, causing it to shatter. (Compl. ¶¶ 27, 28.) Genuardi's deducted the replacement cost of the case and the value of the damaged food from its contract

price with 3 R Painting & Contracting, and 3 R Painting & Contracting sought reimbursement from Merchants.  (Compl. ¶¶ 28, 29.)

After an investigation, however, Merchants denied coverage of these claims, alleging that 3 R Painting's insurance policies were procured through a series of misrepresentations, concealments, and/or non-disclosures by SGG, 3 R Painting, and/or 3 R Painting & Contracting. (Compl. ¶ 43.)  For instance, the Application, completed by SGG and 3 R Painting & Contracting's Vice President, stated that 3 R Painting was a new venture when, allegedly, 3 R Painting never actually existed as a separate entity, and 3 R Painting & Contracting had been in existence since 1986.  (Compl. ¶ 45.)  To the extent the Application was submitted on behalf of 3 R Painting & Contracting, Merchants also alleges that the Application contained misrepresentations that: (1) 3 R Painting & Contracting had no previous insurance when in fact it did; (2) that 3 R Painting & Contracting had not cancelled any prior insurance when in fact it had; (3) that 3 R Painting & Contracting had five full time employees when in fact it had over fifteen; and (4) that 3 R Painting & Contracting did not regularly expose its workers to height-related risks when in fact it did.  (Compl. ¶¶ 46-49.)

Merchants subsequently brought this diversity action, seeking rescission or reformation of the policies Merchants issued to 3 R Painting or, in the alternative, declaratory judgment that Merchants does not owe coverage under the 3 R Painting policies or, further in the alternative, damages against and indemnification from SGG for any liability incurred by Merchants.

## DISCUSSION

A.   Standard of Review

Under Fed. R. Civ. P. 12(b)(6), the Court may grant a motion to dismiss for failure to state

a claim upon which relief can be granted if, "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief." Oatway v. Am. Int'l Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003). Further, "[t]he issue is not whether a plaintiff will ultimately prevail but whether he or she is entitled to offer evidence to support the claims." Id. In setting forth a valid claim, a plaintiff is required only to plead a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

B.   An Affidavit of Merit Is Not Required

SGG filed a Motion to Dismiss Merchants's Complaint pursuant to New Jersey's Affidavit of Merit Statute ("the statute"), which states in pertinent part:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person[1] in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill, or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.

N.J. Stat. Ann. § 2A:53A-27. SGG contends that Merchants's claims for relief are premised on a theory of professional negligence in that SGG was allegedly negligent in its solicitation and sale

---

[1] The statute defines a "licensed person" as, among others, "any person who is licensed as . . . an insurance producer." N.J. Stat. Ann. § 2A:53A-26(o). An "insurance producer" is defined as "a person required to be licensed under the laws of [New Jersey] to sell, solicit or negotiate insurance." N.J. Stat. Ann. § 17:22A-28.

of insurance and in its completion and submission of the Application.  As Merchants has not submitted an Affidavit of Merit within the required time period, SGG concludes that Merchants's Complaint must be dismissed with prejudice.

As written, the statute applies only to claims that arise from "an alleged act of malpractice or negligence . . . ."  Id.  Merchants, however, alleges breach of contract as well as negligence by SGG.  Courts have agreed that the statute can apply to breach of contract claims whenever proof of deviation from a professional standard is required.  Compare Couri v. Gardner, 801 A.2d 1134, 1142 (N.J. 2002) (holding that an Affidavit of Merit was not required where plaintiff claimed defendant had breached their contract by disseminating a medical report without authorization, because proof of defendant's deviation from professional standards of practice was not essential to plaintiff's claim), with Manganaro Consulting Eng'rs, Inc. v. Carneys Point Twp. Sewerage Auth., 781 A.2d 1116, 1119 (N.J. Super. Ct. App. Div. 2001) (holding that a breach of contract counterclaim alleging plaintiff failed to properly design, plan and review a construction project required an Affidavit of Merit because the underlying factual allegations actually amounted to professional malpractice).  Thus, "it is not the label placed on the action that is pivotal but . . . [whether] the claim's underlying factual allegations require proof of a deviation from the professional standard of care applicable to that specific profession."  Couri, 801 A.2d at 1141.

Here, Merchants's entitlement under the Agreement to indemnification from SGG does not depend on proof of deviation from a professional standard,[2] but on whether SGG violated the

---

[2] Merchants specifically asserts that SGG's alleged misrepresentations do not implicate any professional standards or specialized skills, but only the jury's everyday knowledge.  (Pl.'s Br. at 10.)  In further support of this proposition, Merchants avers that it can demonstrate SGG's liability without the use of any expert, suggesting that Merchants's theories turn on ordinary misrepresentations and not deviations from accepted practices of any profession.  (Id. at 11.)

law, the terms of the Agreement, and/or the rules and regulations set forth in Merchants's underwriting manuals.  (Compl. ¶ 92.)  Thus, SGG's Motion to Dismiss is denied and Merchants's claims can go forward without an Affidavit of Merit.  <u>Compare with</u> <u>Nagim v. N.J. Transit</u>, 848 A.2d 61, 71 (N.J. Super. Ct. 2003) (granting third-party defendant's motion to dismiss defendant/third-party plaintiff's contractual indemnification claim where defendant/third-party plaintiff did not submit an Affidavit of Merit, but where the claim required a showing that third- party defendant's liability arose out of its alleged failure to exercise care customary in the engineering profession).

CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 28th day of March, 2007,

ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint [22] is DENIED.


                                                            s/ Anne E. Thompson
                                              ANNE E. THOMPSON, U.S.D.J.