UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MERCHANTS INSURANCE CO. OF NEW HAMPSHIRE, INC.,** : : : **Plaintiff,** : : v. : : **3 R PAINTING AND CONTRACTING CO., et al.,** : : **Defendants.** : : | Civil Action No.: 06-1602(AET) **M E M O R A N D U M O P I N I O N** |

**HUGHES, U.S.M.J**

**I.     INTRODUCTION**

This matter has come before the Court by Defendant Hessert Construction New Jersey, LLC ("Hessert") for Motion to preclude the report and testimony of Plaintiff's expert Robert P. Murtin [dkt. entry no. 65], returnable May 19, 2008.  Defendant 3 R Painting and Contracting Co., Inc. ("3 R") joins Defendant Hessert's motion. [Dkt. entry no. 68.]  Plaintiff Merchants Insurance Company of New Hampshire, Inc. ("Plaintiff") filed an opposition on May 19, 2008.  For the reasons stated herein, Defendant's Motion to preclude the report and testimony of Robert P. Murtin is denied.

**II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff has sought recision or reformation of general liability insurance policies issued to 3 R for the policy periods of March 19, 2004 through March 19, 2005 and March 19, 2005 through March 19, 2006.  (Def.s' Br. at 1.)  Plaintiff argues that, in applying for these policies, 3 R and/or Defendant Smith Gatta Gelok, Inc. committed several misrepresentations upon which

1

Plaintiff relied in issuing the policies. (Pl.'s Opp'n Br. at 1.) As a result of these alleged misrepresentations, Plaintiff subsequently denied coverage for that period, including Hessert's claim for contractual indemnity and additional insured status for a personal injury claim by an employee. (Def.s' Br. at 1.) In part, Plaintiff based its denial of coverage on the assertion that:

> 3R Painting, Inc. and/or 3R Painting & Contracting Co., Inc., also misrepresented to Merchants that 3R Painting & Contracting Co, Inc., did not regularly and frequently expose its workers to height related risks when, in fact, employees of 3R Painting & Contracting Co., Inc., were regularly and frequently exposed to height related risks.

*Id.* at 1-2. To support this assertion, Plaintiff seeks to introduce the report and testimony of Robert P. Murtin to testify as to the heights of selected jobs of Defendant 3 R. *Id.*

    A.    <u>Procedural Background</u>

On April 6, 2006 Plaintiff filed a Complaint against Defendants in federal court. [Dkt. entry no. 1.] On May 12, 2006 Smith Gatta Gelok, Inc. answered the Complaint and filed a cross-claim against all Defendants. [Dkt. entry no. 7.] On March 27, 2007, Hessert filed a Motion for Summary Judgment [dkt. entry no. 29], which was denied on September 19, 2007 [dkt. entry no. 49]. On May 22, 2007 3 R filed a Cross Motion for Summary Judgment. [Dkt. entry no. 42.] On April 11, 2008 Smith Gatta Gelok, Inc. filed a Motion for Summary Judgment. [Dkt. entry no. 63.] Hessert has filed this motion on April 18, 2008. [Dkt. entry no. 65.] Discovery closed on February 29, 2008. (*See* Or. dated Oct. 16, 2007.)

    B.    <u>Factual Background</u>

        1.    *Defendants Hessert and 3R*

Hessert argues that Plaintiff never advised when and how 3 R made any misrepresentation regarding work at heights, noting that no such question was asked in either

Plaintiff's application or phone survey. (Def.s' Br. at 2.) Further, Hessert notes that, per the Court's October 16, 2007 Amended Scheduling Order, discovery was concluded on February 29, 2008. *Id.* at 2. However, Hessert claims it first learned that Plaintiff retained Robert P. Murtin on April 7, 2008 when reviewing the witness list attached to plaintiff's proposed pretrial submissions. *Id.* at 2-3. Further, Plaintiff did not serve Mr. Murtin's report until April 11, 2008, which was *after* the joint pretrial conference. *Id.* at 3 (emphasis added). Finally, Hessert notes that Plaintiff retained Robert P. Murtin to measure the heights of selected jobs of Defendant 3 R without filing a motion or application to the Court. *Id.* at 2.

Hessert claims that Robert P. Murtin's testimony should be precluded because there is no good cause or justification for it being provided after the conclusion of discovery and after the final pretrial conference. *Id.* at 3. Further, Hessert claims that it is prejudiced as discovery and depositions have concluded; therefore, it has no ability to meet and explore the substance of the report and Mr. Murtin's testimony. *Id.* Hessert claims that it would be required to obtain "countervailing reports from witness who would then also be subject to deposition" and would require "basically redo[ing] discovery and … the final pretrial order to accommodate the Plaintiff's late submission . . ." *Id.*

Defendant 3 R joins Hessert's motion and makes additional arguments. (Def.'s 3 R Br. at 2.) 3 R adds that the report of Mr. Murtin "contributes nothing to the allegation that 3 R Painting misrepresented anything about 'height-related risks' in making its application for coverage with plaintiff Merchants Insurance Group." *Id.* 3 R claims that any alleged misrepresentations would be applicable only to that work done prior to its March 18, 2004 application for insurance coverage. *Id.* at 1-2. 3 R further claims that only two of the fifteen

3


contracts reviewed by Mr. Murtin were conducted prior to March 2004 and that the work at these two locations was interior painting, none of which was at any height that could reasonably be considered a "height-related risk." *Id.* at 2. Finally, 3 R claims that of the photographs Mr. Murtin took during his investigation, only one was of an area where 3 R worked. *Id.* Consequently, 3 R contends Mr. Murtin's report and testimony does not contribute to Plaintiff's allegations and as such should be precluded from use at trial. *Id.* at 2-3.

        2.    *Plaintiff's Opposition*

Plaintiff in opposition claims that it served its initial request for production of documents to 3 R on January 9, 2007. (Pl.'s Opp'n Br. at 2.) Included in this was a request for "all contracts relating to projects whereby [3 R] agreed to perform services for a third-party." *Id.* However, Plaintiff notes that due to a discovery dispute, agreement between the parties regarding production of these contracts was not reached until the week of March 3, 2008. *Id.* Plaintiff notes that it notified the Court of this ongoing discovery dispute by letter dated February 29, 2008. *Id.* Plaintiff claims it retained IKON Office Solutions to retrieve and reproduce 3 R's contracts on March 7, 2008 and received them on March 13, 2008. *Id.* at 2-3. Plaintiff claims it reviewed the documents and, in so doing, determined that additional information was required about the work sites. *Id.* at 3, 5. On March 25, 2008 Plaintiff claims it retained Mr. Murtin to take photographs and measurements at fifteen of 3 R's work sites. *Id.* at 3. Plaintiff claims that Mr. Murtin completed his report on April 6, 2008 and forwarded it to Plaintiff the next day. *Id.* Plaintiff then sent its proposed Joint Final Pretrial Order listing Mr. Murtin as a witness to all counsel on April 7, 2008 and forwarded Mr. Murtin's report on April 11, 2008. *Id.*

Plaintiff argues that Defendants will not suffer any prejudice by allowing Mr. Murtin's

report and testimony because they have ample time and opportunity to depose Mr. Murtin and/or perform any other appropriate investigation. Plaintiff further argues that, as no trial date has been set, addition depositions, if necessary, will not cause a disruption to trial. *Id.* at 5-6. Plaintiff also argues that the events above demonstrate that they were not acting in bad faith, but rather sought to complete both their review of 3 R's contracts and Mr. Murtin's witness report in short order. *Id.* at 5. Finally, Plaintiff argues that Mr. Murtin's testimony is critical to the issue of whether 3 R regularly exposed its workers to height-related risks. *Id.* at 6.

## III.   DISCUSSION

Hessert's motion to preclude the expert testimony if Robert P. Murtin is denied. Hessert argues that Mr. Murtin's testimony should be precluded because it (1) was offered after the Final Pretrial Conference and the close of discovery and (2) it is largely irrelevant. The Court disagrees.

### A.   Federal Rule of Civil Procedure 37(c)(1) and *Nicholas*

Pursuant to Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. The Court notes that the factors to be considered in resolving requests for amendment of the final pretrial order are as follows:

(1)   the prejudice or surprise in fact to the nonmoving party;

(2)   the ability of that party to cure the prejudice;

(3)   the extent to which the waiver of the rule would disrupt the orderly and efficient trial of a case; and

      (4)      bad faith or willfulness on the part of the movant.

*See Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000).

      B.      <u>Analysis</u>

           1.      *Minimum Prejudice to Defendants*

Here, the Court finds that Plaintiff's late disclosure of Mr. Murtin's report and testimony was substantially justified pursuant to Federal Rule of Evidence 37(c)(1).  Further, precluding Mr. Murtin's testimony would be an extreme sanction, especially since the parties did not narrow the scope of their discovery until on or about February 29, 2008.

Although Defendants are slightly prejudiced because they have not had an opportunity to depose Mr. Murtin and test the veracity of his assertions, the Court will re-open discovery for a brief period of time and allow Defendants to cure the prejudice.  To be sure, "the exclusion of critical evidence is an 'extreme' sanction not normally to be imposed absent a showing a willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Meyers v. Pennypack Woods Home Ownership Ass'n,* 559 F.2d 894, 904-905 (3d Cir. 1977).  Neither Plaintiff nor Defendants have acted with "flagrant disregard"; thus, this potential critical evidence should not be excluded pursuant to Rule 16(e) or its progeny.  On the contrary, the Court finds that both parties have acted in good faith.  Furthermore, allowing discovery to be reopened strictly for the purposes of deposing Mr. Murtin will not disrupt the trial schedule in this case.  Indeed, at present, the Court has yet to set a trial date.  With that said, of course, the Court is mindful that there has already been extensive briefing, including multiple summary judgment motions, and that the Final Pretrial Order has been submitted.  Therefore, the Court implores the parties to conduct the deposition of Mr. Murtin as swiftly as possible, as no further

extensions of time shall be given.

> 2. *Relevance*

Although Defendants argue that Mr. Murtin's testimony is largely irrelevant, the Court finds that the issue of relevance shall be decided by the trial judge at trial.

## IV. CONCLUSION

For the reasons stated above, Defendants' motion to preclude the report and testimony of Robert P. Murtin is denied. Plaintiff has shown that it was substantially justified in providing Mr. Murtin's report after the close of discovery. Precluding his testimony would be an inappropriate sanction pursuant to Rule 16(e) and its progeny. The Court will further re-open discovery for the limited purpose of deposing Mr. Murtin. An appropriate Order accompanies this Memorandum Opinion.

**DATED:** June 17, 2008