NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MERCHANTS INSURANCE CO. OF NEW HAMPSHIRE, | : : : | |
| Plaintiff, | : : | Civil No. 06-1602 (AET) |
| v. | : : | **MEMORANDUM & ORDER** |
| 3 R PAINTING & CONTRACTING CO., et al., | : : : : | |
| Defendants. | : : | |

THOMPSON, U.S.D.J.

INTRODUCTION

This matter is before the Court on Defendant Smith Gatta Gelok Inc's ("SGG") Motion for Summary Judgment. The Court has decided this Motion based upon the submissions of the parties,[1] without oral argument, pursuant to Fed. R. Civ. P. 78. For the reasons stated below, Defendant's Motion is denied.

---

[1] The Court notes that Defendants Hessert Construction New Jersey, LLC ("Hessert") and 3 R Painting & Contracting Co. have submitted oppositions to Defendant SGG's Motion. Defendant Hessert asserts that it has filed a cross-claim against Defendant SGG. However, the Court cannot find a cross-claim asserted by Defendant Hessert in its Answer, and Defendant 3 R Painting & Contracting Co. acknowledges in its opposition that it has no cross-claim against Defendant SGG at this time. Thus, because Defendant SGG's Motion is not directed at these Defendants, the Court does not consider their oppositions to the instant Motion, although the Court cites to deposition testimony attached as exhibits to Defendant Hessert's Opposition.

1

BACKGROUND

A.   Factual History

This case arises from a dispute regarding the validity of an insurance policy, issued by Plaintiff Merchants Insurance Co. of New Hampshire ("Merchants") to Defendant 3 R Painting & Contracting Co. ("3 R Painting & Contracting"),[2] with Defendant Hessert named as an additional insured under the policy.  Defendant SGG acted as Plaintiff's insurance agent to solicit and sell insurance.  On March 19, 2004, Defendant SGG submitted an insurance application for 3 R Painting, Inc. ("3 R Painting") to Plaintiff.  Alleged misrepresentations contained in this insurance policy are at the center of this dispute.  The Court incorporates herein the recitation of the facts in its Order, entered March 29, 2007, denying Defendant SGG's Motion to Dismiss, and its Order, entered September 19, 2007, denying Defendants Hessert and 3 R Painting & Contracting's Motions for Summary Judgment.  The Court supplements those recitations with additional facts only as they are relevant to the disposition of the instant Motion.

The Agency Agreement in place between Plaintiff and Defendant SGG provides that Defendant SGG

> shall be responsible for collecting, ordering and utilizing (as appropriate) all pertinent applications, information, forms, reports and other documents as may be required by the Company procedure (including, but not limited to, the name and address of each applicant, the address of each risk, information concerning other policies in effect for the applicant, information concerning each risk required by the Company's underwriting guidelines, photographs, DMV reports, credit reports, MVR's, CLUE report, physical inspection of properties reports, all mandated state forms, and all

---

[2]   The Court acknowledges that there is a dispute among the parties with respect to the name of this Defendant, and whether Defendants misrepresented to Plaintiff that a corporate entity named 3 R Painting, Inc. existed, independent of 3 R Painting & Contracting.  The Court will refer to Defendant as 3 R Painting & Contracting for the sake of convenience and for the purposes of the instant Motion only.

>appropriate loss and claims data), which procedure may be modified from time to time in the Company's sole discretion.

(Murray Cert., Ex. C at 1.C.)  The Agency Agreement also provides that Plaintiff will be indemnified

>from and against all claims, liabilities, losses, penalties, costs or expenses of any kind or nature resulting from any Agent act or omission in violation of: (a) any applicable law or regulation; (b) the terms of [the Agency] Agreement; or (c) the terms, limitations and/or requirements of the Company's Underwriting Manuals, Agent's Binding Authority and/or any other Company manual, guideline, written instruction, rule, regulation or procedure in effect at the time of the act or omission.

(Murray Cert., Ex. C at 16.B.)

Plaintiff asserts that the information contained in the 3 R Painting, Inc., application submitted by Defendant SGG contained the following five misrepresentations: (1) that 3 R Painting, Inc., was a new entity, when, in fact, Defendant 3 R Painting & Contracting has been in business since 1986; (2) 3 R Painting, Inc., had no prior cancelled insurance coverage, when, in fact, Defendant 3 R Painting & Contracting cancelled an existing liability insurance policy in favor of the policy offered by Plaintiff, and, that no loss runs under the prior insurance policy were disclosed on the application; (3) 3 R Painting, Inc., employed fewer workers than it actually did; (4) 3 R Painting, Inc., did not regularly expose its workers to heights; and (5) that 3 R Painting, Inc., was an independent corporate entity, when, in fact, it did not exist. (Pl.'s Rule 56.1 Statement of Material Facts, ¶ 4; Gaza Decl., Ex. G (Narrative.))

The Binding Authority document states that Defendant SGG was eligible to bind Plaintiff to coverage only for entities with seven or fewer employees, and that the "[r]isk must not be regularly and frequently exposed to work at heights." (Gaza Decl., Ex. F.)

Ralph Fusco, the Vice President of Defendant 3 R Painting & Contracting, testified

3

during his deposition that he was the only person at the company responsible for procuring insurance, and that he communicated information about 3 R Painting & Contracting to John Lambert, Defendant SGG's representative.  (Def. Hessert's Opp'n., Ex. A (Fusco Dep.) at 55, 65.)  Mr. Fusco maintains that the information that he provided to Mr. Lambert was not reflected in the application for insurance submitted by Defendant SGG to Plaintiff.  (Id. at 61.)  Mr. Fusco identified a number of misstatements on the insurance application, including, *inter alia*, the number of years Mr. Fusco allegedly had operated his own business, the percentage of commercial work performed by 3 R Painting & Contracting, and that no prior insurance carrier was listed on the application, despite the fact that Mr. Lambert had seen 3 R Painting & Contracting's prior insurance policy, issued by a company named Nautilus.  (Id. at 61-62, 76-77.)  Mr. Fusco also testified that he was not aware that a narrative was prepared by Defendant SGG to accompany the insurance application, and he testified that he did not know why the narrative read that, "Ralph Fusco is starting this business up,' 'this business' being 3 R Painting, Inc." because he asserted that the business for which he sought insurance coverage was Defendant 3 R Painting & Contracting.  (Id., 95-97.)  Mr. Fusco also testified that there is no corporate entity named 3 R Painting, Inc.  (Id. at 59.)  Further, Mr. Fusco testified that he did not sign the insurance application, and that he did not recognize the insured's signature on the application.  (Id. at 55.)

During his deposition, Mr. Lambert testified that he reviewed each question on the application form with Mr. Fusco.  (Gaza Decl., Ex. E (Lambert Dep.) at 151-52.)  Mr. Lambert also testified that, while completing a form for worker's compensation on behalf of Defendant 3 R Painting & Contracting a couple of months after submitting the insurance application to Plaintiff, an issue arose because the same tax identification number was used by both Defendant

3 R Painting & Contracting, and the allegedly independent entity, 3 R Painting.  Mr. Lambert testified that he did not pay attention to how the discrepancy in the company's name would affect Defendant 3 R Painting & Contracting's policy with Plaintiff, stating, "In retrospect, you know, we should have addressed the name on the Merchants' policy to make it match the workman's comp."  (Def. Hessert's Opp'n., Ex. B (Lambert Dep.) at 144.)

Several of Plaintiff's employees were deposed with respect to this action.  None testified that they were aware of any breaches of contractual duties, or misrepresentations made, by Defendant SGG prior to the filing of this action.  (See Gaza Decl., Ex. A (Alexander Dep.) at 21-22; id., Ex. B (Stillwell Dep.) at 15 (stating that "I really don't know for sure what duties or obligations are required."); id., Ex. C (Wolfe Dep.) at 21 (noting that he had no knowledge of the duties and obligations of Defendant SGG); id., Ex. D (Smith Dep.) at 33 ("I would never get involved with the agency agreement.  But if [agents] aren't following the [underwriting] guidelines . . . and there's some type of discrepancy, I do get involved with that . . . ."))

B.    Procedural History

Plaintiff's action against Defendant SGG asserts claims for negligence, breach of contract, and indemnification.  On March 29, 2007, the Court denied Defendant SGG's motion to dismiss for failure to comply with the Affidavit of Merit Statute, N.J. Stat. Ann. § 2A:53A-27, et seq., finding that "Merchants's entitlement under the [Agency] Agreement to indemnification from SGG does not depend on proof of deviation from a professional standard, but on whether SGG violated the law, the terms of the Agreement, and/or the rules and regulations set forth in Merchants's underwriting manuals."  (March 29, 2007 Order at 5-6.)  In so holding, the Court permitted Plaintiff's claims to go forward without an Affidavit of Merit.  On September 19,

2007, the Court denied Defendants Hessert and 3 R Painting & Contracting's motions for summary judgment, finding that "genuine issues of material fact exist as to 3 R Painting & Contracting's alleged misrepresentation of its formal name and business history, and as to Plaintiff's potential waiver of its right to rescind due to this misrepresentation." (Sept. 19, 2007 Order at 7.)  Defendant SGG now moves for summary judgment on Plaintiff's claims.

## DISCUSSION

A.     Standard of Review

Summary judgment is appropriate if, on the record, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Kreschollek v. S. Stevedoring Co., 223 F.3d 202, 204 (3d Cir. 2000).  In deciding whether summary judgment should be granted, the Court considers "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," and construes all facts and inferences in the light most favorable to the nonmoving party. Fed. R. Civ. P. 56(c); see also Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002).  To survive a motion for summary judgment, a plaintiff cannot rely merely on the unsupported allegations of the complaint, and must present more than the "mere existence of a scintilla of evidence" in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

B.     Affidavit of Merit

Defendant SGG argues that Plaintiff's claims against it sound in professional negligence, and, therefore, Plaintiff was required to file an Affidavit of Merit, pursuant to New Jersey law, within 60 days of the filing of Defendant SGG's answer.  Defendant SGG contends that Plaintiff's failure to do so necessitates dismissal of Plaintiff's claims.  Plaintiff argues that it was

not required to file an Affidavit of Merit because this action falls under the "common knowledge" exception to the Affidavit of Merit Statute.

The Affidavit of Merit statute provides:

> In any action for damages . . . resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.

N.J. Stat. Ann. § 2A:53A-27. "It is not the label placed on the action that is pivotal [to invoking the Affidavit of Merit Statute] but . . . [whether] the claim's underlying factual allegations require proof of a deviation from the professional standard of care applicable to that specific profession." Couri v. Gardner, 801 A.2d 1134, 1141 (N.J. 2002). However, "an affidavit need not be provided in common knowledge cases when an expert will not be called to testify 'that the care, skill or knowledge . . . [of the defendant] fell outside acceptable professional or occupational standards or treatment practices." Hubbard v. Reed, 774 A.2d 495, 497 (N.J. 2001) (citation omitted).

In its March 29, 2007 Order, the Court found that Plaintiff's negligence claim against Defendant SGG "turn[s] on ordinary misrepresentations and not deviations from accepted practices of any profession" (March 29, 2007 Order at 5 n.2), and that Plaintiff's contract claims, similarly, did not require "proof of deviation from a professional standard." (Id. at 5-6.) The Court sees no reason to revisit its prior conclusion. Viewing the evidence in the light most favorable to Plaintiff, the Court finds that the record demonstrates that a number of misrepresentations were made in connection with Defendant 3 R Painting & Contracting's

7

narrative and application for insurance, and that the narrative and application was prepared and submitted by Defendant SGG. These misrepresentations include the name of the insured entity, the insured entity's business history, the number of individuals employed by Defendant 3 R Painting & Contracting, the heights to which Defendant 3 R Painting & Contracting regularly exposed its employees, and that the entity did not carry any prior insurance policy. Further, Mr. Fusco testified during his deposition that the information he provided about Defendant 3 R Painting & Contracting to Defendant SGG was not included in the insurance application submitted to Plaintiff, and that Mr. Fusco did not recognize the signature on the application as his. The Court concludes that the testimony of an expert is not required in order to aid the jury in determining whether such misrepresentations were made, and by whom.

Defendant SGG argues that Plaintiff's contract claims fail, citing deposition testimony of Plaintiff's representatives in which they did not identify the violation of any specific contractual provisions committed by Defendant SGG. However, the Binding Authority and Plaintiff's underwriting guidelines instruct Defendant SGG as to the types of risks it is permitted to insure on Plaintiff's behalf. Further, the Agency Agreement contemplates that Defendant SGG is "responsible for collecting, ordering and utilizing . . . all pertinent applications" for insurance. Because the Court finds that genuine issues of material fact exist as to the source of the misrepresentations contained in Defendant 3 R Painting & Contracting's insurance application, it cannot conclude as a matter of law that Plaintiff's breach of contract and indemnification claims against Defendant SGG fail.

C.       Plaintiff's Waiver of Right to Rescission

Defendant SGG argues that it is "necessarily insulated from liability under all conceivable

circumstances" (Def.'s Br. 10), contending that even if misrepresentations were made on Defendant 3 R Painting & Contracting's insurance application, Plaintiff's decision to continue performance of the policy despite knowledge of the misrepresentations, waives Plaintiff's right to rescission. Further, Defendant SGG argues that if Plaintiff is granted rescission of the insurance policy, Plaintiff will have no remaining causes of action against Defendant SGG. Although Plaintiff concedes that, under principles of agency law, knowledge acquired by Defendant SGG may be imputed to Plaintiff, such that Plaintiff may be found to have waived its right to rescind the insurance policy, Plaintiff nonetheless may pursue its breach of contract and indemnification claims against Defendant SGG. Further, Plaintiff argues that under New Jersey's comparative negligence scheme, Defendant SGG may be adjudged partially liable for Plaintiff's loss. See N.J. Stat. Ann. § 2A:15-5.2 (instructing the fact-finder to determine each party's extent of negligence as a percentage of fault).

As the Court stated in its September 27, 2007 Order, genuine issues of material fact exist as to Plaintiff's knowledge of alleged misrepresentations, and its potential waiver of its right to rescind. Defendant SGG cites no authority for its argument that, in the event that Plaintiff is granted a rescission of the insurance policy, Plaintiff's negligence and breach of contract claims against it cannot be sustained.[3]

Further, N.J. Stat. Ann. § 2A:15-5.1 provides that "[c]ontributory negligence shall not bar recovery in an action by any person . . . to recover damages for negligence . . ., if such negligence was not greater than the negligence of the person against whom recovery is sought." Thus,

---

[3] Plaintiff, of course, would have to prove damages as an element of both its negligence and breach of contract claims. However, Plaintiff is entitled to present evidence of damages on its claims to the jury.

9

although Plaintiff is correct that damages in negligence actions are determined according to a comparative negligence scheme, under New Jersey law, Plaintiff may not recover against Defendant SGG if a jury were to determine that Defendant SGG's negligence was less than that of Plaintiff's.  However, whether Defendant SGG acted negligently in preparing Defendant 3 R Painting & Contracting's insurance application, and to what degree, are issues of fact for a jury to decide.

Thus, the Court cannot conclude as a matter of law that Defendant SGG is "necessarily insulated from liability under all conceivable circumstances."  Accordingly, Defendant SGG's Motion for Summary Judgment is denied.

## CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 8th day of September, 2008,

ORDERED that Defendant Smith Gatta Gelok Inc's Motion for Summary Judgment [63] is DENIED.

                                                     s/ Anne E. Thompson
                                                    ANNE E. THOMPSON, U.S.D.J.